0D753 - V70

## IN THE COMMON PLEAS COURT OF FRANKLIN COUNTY, OHIO

**RICHARD V. BERG**
15799 Adam Road
Granger, IN 46530

       **Plaintiff,**

v.

                                   **Civil Action No. 17-TR-**
                                   **Judge**

**STATE FARM MUTUAL**
**AUTOMOBILE INSURANCE COMPANY**
One State Farm Plaza,
Bloomington, IL 61710,

**KYLIE MANLEY**
One State Farm Plaza,
Bloomington, IL 61710,

**BOBBIE DAVID**
One State Farm Plaza,
Bloomington, IL 61710

       **Defendants.**

## COMPLAINT

      Comes now, Plaintiff, Richard V. Berg, by and through his counsel, Jim Leach L.C., and

for his Complaint, represents to the Court as follows:

## FACTS

1.     That at all times mentioned hereinafter, the Plaintiff Richard V. Berg was a resident of

       Franklin County, State of Ohio.

2.     Defendant State Farm Mutual Automobile Insurance Company (hereinafter referred to as

       "State Farm"), is and has been at all times material and relevant herein, a corporation

       organized under the laws of the State of Illinois with its principle place of business in

       Bloomington, Illinois, and is licensed and authorized to issue and sell automobile


EXHIBIT
A

0D753 - V71

insurance policies and/or automobile insurance contracts in the State of Ohio, writing

policies of insurance covering policy holders or insureds residing in the State of Ohio.

3.  Upon information and belief, State Farm is authorized to conduct business in the State of

Ohio, and more particularly, in all counties in the State of Ohio, including Franklin.

4.  Upon information and belief, Kylie Manley ("Manley") residence is unknown but is

employed by and handles claims for State Farm that arise in Ohio, including the claims by

Plaintiff.

5.  Upon information and belief, Bobbie David ("David") residence is unknown but is

employed by and handles claims for State Farm that arise in Ohio, including the claims by

Plaintiff.

6.  State Farm issued a valid policy of automobile insurance in Ohio to Plaintiff, which was

in effect at the time of the incident which forms the basis of this suit, specifically policy

number 332349135D which includes, among other things, medical payments coverage in

the total amount of $25,000.00 and un/underinsurance coverage in the total amount of

$50,000.00.

7.  Under the terms of the policy referenced in Paragraph 6, State Farm agreed to provide

medical payments and un/underinsurance benefits to Plaintiff, as an insured, for his own

losses and expenses in the event of an accident.

8.  Plaintiff paid all premiums as due and has otherwise complied with all of the terms and

conditions of his policy with defendant State Farm.

9.  On or about the 16th day of August, 2014, Plaintiff was operating a vehicle on I-77

traveling south, and stopped in the toll lane at the Barrier "C" Tolls, in the City of

0D753 - V72

Chelyan, County of Kanawha, State of West Virginia.

10.     On or about the 16th day of August, 2014, Carrie A. Wheeler was operating a vehicle on I-77 traveling south toward the Barrier "C" Tolls, in the City of Chelyan, County of Kanawha, State of West Virginia, and disregarded her duty to operate a vehicle safely on the roadways of this State by failing to maintain control of her vehicle and striking Plaintiff's vehicle while he was stopped in the toll lane, thereby negligently causing an accident in which Plaintiff was injured.

11.     As a direct and proximate cause of the negligence of Carrie A. Wheeler, Plaintiff incurred physical injury, psychological damage, medical expenses, pain and suffering, permanent damage, lost wages, diminution of earning capacity, and endured a loss of capacity to enjoy his life.

12.     As a direct and proximate cause of the negligence of Carrie A. Wheeler, Plaintiff will continue in the future to incur medical expenses, pain and suffering, lost wages, diminution of earning capacity, psychological damage, permanent damage and endure a loss of capacity to enjoy his life.

13.     As a direct and proximate result of the negligence of Carrie A. Wheeler, Plaintiff was compelled to seek and otherwise did incur substantial expenses for medical care and treatment.

14.     At the time of the subject accident, Carrie A. Wheeler was insured under a policy of insurance issued by Geico Insurance Company ("Geico"), which carried liability limits for bodily injury of only Twenty Five Thousand Dollars ($25,000.00) per person.

15.     At the time of the subject accident, Carrie A. Wheeler was an underinsured motorist

0D753 - V73

operating an underinsured motor vehicle, as those terms are defined by the State Farm

policy referenced in paragraph 6 above, which was in full force and effect on August 16,

2014.

16.   Defendants were promptly notified of the August 16, 2014 automobile accident and were

given the opportunity to investigate Plaintiffs' claims arising from the accident.

17.   Upon receipt of notice of the August 16, 2014 accident, Defendants were obligated to

inform the Plaintiff of all benefits available to him pursuant to the policy of insurance

referenced in paragraph 6 above.

18.   Defendants Manley and David were and have been at all times material and relevant

herein, employed by State Farm as claims adjusters and were responsible for handling the

claims presented by Plaintiff a result of the August 16, 2014 accident.

19.   Defendant State Farm, at all times referenced herein, acted, by and through its employees,

representatives and agents, including, but not limited to Defendants Manley and David.

20.   The value of Plaintiff's claims against Carrie A. Wheeler arising from the August 16,

2014 accident greatly exceeds the limits of all liability insurance coverage available to

him under the Geico Policy, and, therefore, Plaintiff, with the consent of State Farm and

waiver of its subrogation rights, settled his claims against Carrie A. Wheeler personally

for Geico's liability coverage limits of Twenty-Five Thousand Dollars ($25,000.00),

specifically reserving and preserving his rights to pursue claims for any and all other

coverages against any other insurers, including State Farm and its agents Manley and

David.

21.   Plaintiff timely submitted claims for underinsured motorists bodily injury coverage

0D753 - V74

benefits and medical payment coverage benefits to the Defendants.

22.     The Defendants had an obligation to comply with the conditions and terms of the policy

        of insurance referenced in paragraph 6 above in processing the claims of Plaintiff, its

        insured, as a result of the August 16, 2014 accident.

23.     The Defendants further had an obligation to exercise good faith in the processing of the

        claim of Plaintiff, its insured, as a result of the August 16, 2014 accident and to further

        fulfill all obligations created by the implied covenant of good faith and fair dealing

        inherent in the insurance policy under which Plaintiff was an insured, as referenced in

        paragraph 6 above.

24.     Plaintiff fully complied with all requirements and policy provisions included in the State

        Farm insurance policy referenced in paragraph 6 above.

25.     Because the liability of Carrie A. Wheeler is clear and Plaintiff's damages arising from

        the subject accident greatly exceed the total liability and the underinsured limits available

        to Plaintiff, Defendants were obligated to conduct adequate investigation of Plaintiff's

        claims.

26.     Defendants failed to undertake prompt and reasonable efforts to evaluate, negotiate and

        adjust the claims presented by Plaintiff, or, in the alternative, did evaluate the claims and

        did intentionally extend offers to resolve said claims for an amount far less than that to

        which the Plaintiffs were entitled.

27.     Defendants delayed and/or refused and continue to refuse to pay to Plaintiff the amount of

        the medical bills incurred under the medical payments coverage of the policy and to make

        a commercially reasonable offer of underinsured motorists coverage to Plaintiff to settle

0D753 - V75

his claim for bodily injuries and other damages he sustained as a result of the negligence of Carrie A. Wheeler, an underinsured motorist.

28.    Despite knowing that the liability of Carrie A. Wheeler was clear and Plaintiff's damages arising from the subject accident greatly exceed the total liability and underinsured limits available to Plaintiff, Defendants failed to exercise good faith in the processing of Plaintiff's claim and its refusal to pay the claims were not predicated upon circumstances that furnish reasonable justification therefor.

**COUNT I**
**BREACH OF CONTRACT FOR UNDERINSURED COVERAGE**

29.    Plaintiff reasserts and re-incorporates each and every allegation contained in paragraphs 1 through 28 in this Complaint as if set out verbatim herein.

30.    On or about the 16th day of August, 2014, State Farm, in exchange and return for paid premium, had in full force and effect an automobile insurance policy issued to Plaintiff, specifically policy number 332349135D, which duly insured the vehicle operated by Plaintiff at the time of the accident.

31.    The State Farm policy issued to Plaintiff included underinsured motorists' bodily insurance provisions which required Defendants to undertake to pay money or to do those acts in furtherance of the underinsured motorists liability obligation in the event State Farm's insured suffered a loss or damage within the underinsured motorists liability coverage and applicable time period.

32.    During the applicable time period, and within the applicable insurance coverage, State Farm incurred a liability to Plaintiff within the terms and conditions of the State Farm

6

0D753 - V76

automobile insurance policy issued to Plaintiff when he was involved in a motor vehicle

accident with an underinsured motorist, thereby triggering the underinsured motorist

bodily injury insurance coverage in the aforesaid State Farm policy.

33.  Defendants delayed and/or failed to undertake efforts to investigate the claims presented

by Plaintiff as a result of the August 16, 2014 accident, thereby creating a breach of the

contractual obligations between Defendants and the Plaintiff.

34.  Despite repeated demands for payment, Defendants delayed and/or failed and refused to

make a commercially reasonable offer pursuant to the underinsured coverage under the

insurance policy issued to its insured, thereby creating a breach of the contractual

obligations between Defendants and the Plaintiff.

35.  As a proximate result of the breach of their duties by Defendants, the Plaintiff has been

deprived of the underinsurance coverage benefits due and owing him under his State

Farm policy and thereby compelled to institute suit for breach of contract and has or will

incur consequential damages, incidental damages, attorney's fees and court costs, all of

which should be reimbursed or compensated by the unlawful actions of Defendants.

36.  As a proximate result of the breach of their duties by Defendants, the Plaintiff has

experienced emotional distress, mental anguish, inconvenience, annoyance, humiliation,

embarrassment, aggravation, and other general damages.

## COUNT II
## BREACH OF CONTRACT FOR MEDICAL PAYMENTS COVERAGE

37.  Plaintiff reasserts and re-incorporates each and every allegation contained in paragraphs 1

through 36 in this Complaint as if set out verbatim herein.

0D753 - V77

38. On or about the 16th day of August, 2014, State Farm, in exchange and return for paid premium, had in full force and effect an automobile insurance policy issued to Plaintiff, specifically policy number 332349135D, which duly insured the vehicle operated by Plaintiff at the time of the accident.

39. The State Farm policy issued to Plaintiff included medical payments insurance provisions which required State Farm to undertake to pay money or to do those acts in furtherance of its medical payments obligation in the event its insured suffered a loss or damage within the medical payments coverage and applicable time period.

40. During the applicable time period, and within the applicable insurance coverage, State Farm incurred a liability to Plaintiff within the terms and conditions of the State Farm automobile insurance policy issued to Plaintiff when he was involved in a motor vehicle accident and incurred medical bills, thereby triggering the medical payments insurance coverage in the aforesaid State Farm policy.

41. Defendants State Farm, Manley and David delayed and/or failed to undertake efforts to investigate the claims presented by Plaintiff as a result of the August 16, 2014 accident thereby creating a breach of the contractual obligations between Defendants and the Plaintiff.

42. Despite repeated demands for payment, Defendants delayed and/or failed and refused to pay the full amount of the medical bills incurred pursuant to the medical payments coverage under the insurance policy issued to its insured, thereby creating a breach of the contractual obligations between Defendants and the Plaintiff.

43. As a proximate result of the breach of their duties by Defendants, the Plaintiff has been

0D753 - V78

deprived of the medical payments coverage benefits due and owing him under his State

Farm policy and thereby compelled to institute suit for breach of contract and has or will

incur consequential damages, incidental damages, attorney's fees and court costs, all of

which should be reimbursed or compensated by the unlawful actions of Defendants.

44.     As a proximate result of the breach of their duties by Defendants, the Plaintiff has

experienced emotional distress, mental anguish, inconvenience, annoyance, humiliation,

embarrassment, aggravation, and other general damages.

## COUNT III
## BAD FAITH

45.     Plaintiff reasserts and re-incorporates each and every allegation contained in paragraphs 1

through 44 in this Complaint as if set out verbatim herein.

46.     Through their actions described herein and their refusal to fully and fairly investigate

Plaintiff's claims, Defendants have failed to exercise good faith in the processing of a

claim of its insured, as their refusal to pay the Plaintiff's claims is not predicated upon

circumstances that furnish reasonable justification therefor.

47.     Through their actions described herein and their delay in paying claims pursuant to the

medical payments and the underinsured coverage, Defendants have failed to exercise

good faith in the processing of a claim of its insured, as their delayed payment of the

Plaintiff's claims is not predicated upon circumstances that furnish reasonable

justification therefor.

48.     Through their actions described herein and their refusal to pay Plaintiff's claims,

Defendants have failed to exercise good faith in the processing of a claim of its insured,

9

as their refusal to pay the Plaintiff's claims is not predicated upon circumstances that furnish reasonable justification therefor.

49. The Defendants have acted unfairly in refusing to perform their duties to provide Plaintiff benefits promised under the policy.

50. As a proximate result of bad faith and its breach of its duty of good faith to Plaintiff, the Plaintiff has experienced emotional distress, mental anguish, inconvenience, annoyance, humiliation, embarrassment, aggravation, and other general damages.

51. As a proximate result of Defendants' bad faith and its breach of its duty of good faith to Plaintiff, Plaintiff is entitled to recover from Defendants for the economic and non-economic damages, including attorney fees and costs.

## COUNT IV
## PUNITIVE DAMAGES

52. Plaintiff reasserts and re-incorporates each and every allegation contained in paragraphs 1 through 51 in this Complaint as if set out verbatim herein.

53. From its initial notification of Plaintiff's claims for underinsured motorists and medical payments benefits, Defendants failed to conduct an adequate investigation of his claims.

54. From its initial notification of Plaintiff's claims for underinsured motorists and medical payments benefits, Defendants acted maliciously, willfully, and intentionally, predetermined to refuse and/or delay payment of Plaintiff's valid claims.

55. Defendants' deliberate, malicious and intentional acts toward Plaintiff has proximately caused continuing economic and non-economic damages to Plaintiff, all of which warrant and command an award of punitive damages.

Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Aug 09 3:16 PM-17CV007190

0D753 - V80

**WHEREFORE,** Plaintiffs demand the following relief:

a.   An award of compensatory damages against Defendants, joint and severally, in an amount in excess of this Court's jurisdictional limits, and as proven by the evidence at trial in connection with sums due Plaintiff under his State Farm policy, plus the attorneys fees, costs, as well as compensatory damages in an amount to fully and fairly compensate him for the annoyance, aggravation and inconvenience he experienced in connection with the pursuit of his claims, other net economic and non-economic losses and consequential damages Plaintiff sustained as a result of the defendants conduct;

b.   Compensatory and punitive damages against Defendants, joint and severally, in connection with their conduct in acts that were and continue to be in breach of the covenant of good faith;

c.   Pre-judgment and post-judgment interest, and attorney's fees and costs incurred in pursuing this action; and

d.   Such further and additional damages as the Court may deem just and proper.

### A TRIAL BY JURY IS DEMANDED ON ALL ISSUES

Plaintiff by counsel:

JAMES R. LEACH (OBN 0069206)

JIM LEACH, L.C.
34 Bickel Mansion Drive
Parkersburg, West Virginia 26101
304-865-8530

11